UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


PATRICK C. JONES,

        Petitioner,

                                      CASE NO. 4:13-CV-12645

   v.                                JUDGE TERRENCE G. BERG

                                        MAGISTRATE JUDGE PAUL J. KOMIVES

LLOYD RAPELJE,

        Respondent.[1]

_____/


# REPORT AND RECOMMENDATION


*Table of Contents*

I.      RECOMMENDATION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
II.     REPORT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
     A.    *Procedural History* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
     B.    *Factual Background Underlying Petitioner's Conviction* . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
     C.    *Standard of Review* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
     D.    *Validity of Plea (Claims I, II, & IV)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11
          1.    *Clearly Established Law* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11
          2.    *Analysis* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12
               a. Involuntary and Illusory Plea . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12
               b. Withdrawal . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17
     E.    *Counsel (Claims III, IV, & V)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17
          1.    *Ineffective Assistance of Trial Counsel (Claim III)* . . . . . . . . . . . . . . . . . . . . . . . . 17
               a. Clearly Established Law . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17
               b. Analysis . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20
          2.    *Appellate Counsel (Claims IV & V)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21
               a. Denial of Counsel/Presumed Prejudice . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21
               b. Ineffective Assistance . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27
     F.    *Sentencing (Claim VI)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28
     G.    *Recommendation Regarding Certificate of Appealability* . . . . . . . . . . . . . . . . . . . . . . . . . 31
          1.    *Legal Standard* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31
          2.    *Analysis* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 32
     H.    *Conclusion* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 33
III.    NOTICE TO PARTIES REGARDING OBJECTIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 33

---

    [1]By Order entered this date, Lloyd Rapelje has been substituted in place of Duncan MacLaren as the proper respondent in this action.

I.      <u>RECOMMENDATION</u>: The Court should deny petitioner's application for the writ of habeas corpus and should deny petitioner a certificate of appealability.

II.     <u>REPORT</u>:

A.      *Procedural History*

1.      Petitioner Patrick Jones is a state prisoner, currently confined at the Saginaw Correctional Facility in Freeland, Michigan.

2.      On August 28, 2008, petitioner was convicted of assault with intent to rob while unarmed, MICH. COMP. LAWS § 750.88; and third-degree fleeing and eluding, MICH. COMP. LAWS § 257.602a(3), pursuant to his guilty plea in the Oakland County Circuit Court.  On September 19, 2008, he was sentenced as a fourth habitual offender, MICH. COMP. LAWS § 769.12, to concurrent terms of 15-30 years' imprisonment on the assault conviction and 3-20 years' imprisonment on the fleeing and eluding conviction.

3.      Petitioner filed an application for leave to appeal in the Michigan Court of Appeals raising, through counsel, the following claims:

I.      APPELLANT WAS DENIED HIS CONSTITUTIONAL RIGHT TO BE SENTENCED BASED UPON ACCURATE INFORMATION WHERE OFFENSE VARIABLE 8 WAS INCORRECTLY SCORED, RESULTING IN A SENTENCE BASED ON INACCURATE INFORMATION.

II.     THE TRIAL COURT VIOLATED APPELLANT'S DUE PROCESS RIGHTS AT SENTENCING BY SCORING OFFENSE VARIABLE 8 AND INCREASING THE STATUTORY SENTENCING GUIDELINE RANGE BASED ON DISPUTED FACTS WHICH THE PROSECUTOR DID NOT CHARGE AND PROVE BEYOND A REASONABLE DOUBT AT TRIAL OR HAVE APPELLANT ADMIT AS PART OF THE PLEA.

The court of appeals denied petitioner's application for leave to appeal in a standard order, "for lack of merit in the grounds presented."  *People v. Jones*, No. 288949 (Mich. Ct. App. Mar. 11, 2009).

2

4.      Petitioner, proceeding *pro se*, sought leave to appeal in the Michigan Supreme Court,

raising two new claims for relief:

I.      WHETHER THE DEFENDANT WAS DENIED EFFECTIVE
ASSISTANCE OF APPELLATE COUNSEL IN VIOLATION OF THE
UNITED STATES CONSTITUTIONAL AMENDMENT SIXTH (6TH)
AND THE MICH CONST 1963 ART 1 § 20, WHEN HIS APPELLATE
ATTORNEY FAILED TO PERFECT A FIRST TIER CRIMINAL APPEAL
CONSISTENT WITH APPELLANT'S DESIRES AND SUBJECTED THE
CLAIMS TO POTENTIAL PROCEDURAL DEFAULT, RENDERED
INCOMPETENT ADVICE, DEMONSTRATED DEFICIENT
PERFORMANCE, AND PREJUDICED APPELLANT'S APPEAL?

II.     WHETHER APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF
TRIAL COUNSEL AND APPELLATE COUNSEL WHEN BOTH
ATTORNEYS ARGUED THAT APPELLANT SHOULD NOT HAVE
BEEN ASSESSED FIFTEEN (15) POINTS UNDER OFFENSE
VARIABLE EIGHT (OV-8), BASED ON THE PRESENTENCE
INVESTIGATION REPORT DESCRIPTION OF THE OFFENSE, WHERE
COUNSEL SHOULD HAVE BEEN ARGUING THAT PROSECUTOR
MISREPRESENTED THE FACTS IN EVIDENCE BY STATING
DEFENDANT ASPORTATED THE VICTIMS TO A BACK OFFICE,
DENYING THE APPELLANT HIS RIGHTS UNDER THE FIFTH (5TH);
SIXTH (6TH); AND FOURTEENTH (14TH) AMENDMENTS OF THE
UNITED STATES CONSTITUTION AND THE MICH CONST 1963 ART
1 §§§ 2, 17, AND 20?

The Supreme Court denied petitioner's application for leave to appeal in a standard order.  *See*

*People v. Jones*, 485 Mich. 871, 771 N.W.2d 792 (2009).

5.      While his direct appeal was pending, petitioner filed a motion to withdraw his plea

in the trial court, raising the following claims:

I.      THAT NOTWITHSTANDING DEFENDANT'S GUILTY PLEA,
DEFENDANT CAN CHALLENGE THE FACT HE WAS CHARGED,
PROSECUTED, CONVICTED, AND SENTENCED UNDER THE
WRONG STATUTE.

II.     DEFENDANT WOULD SUBMIT THAT THE PLEA BARGAIN WHICH
CONSISTED OF DISMISSAL TO AWIR-WHILE ARMED, MCL 750.89,
FOR DEFENDANT'S PLEA TO AWIR-U, MCL 750.88, WAS ILLUSORY

ON SEVERAL GROUNDS.

III.    THAT DEFENDANT WOULD SUBMIT THAT THERE IS AN INSUFFICIENT FACTUAL BASIS TO AWIR-U, MCL 750.88.

IV.    THAT DEFENDANT INSISTS THAT HE WAS DENIED EFFECTIVE ASSISTANCE OF TRIAL COUNSEL UNDER THE MICH CONST 1963 ART 1 § 20, AND THE UNITED STATES CONSTITUTION AMENDMENT SIXTH (6TH).

V.    THAT DEFENDANT WOULD LIKE TO ALSO DRAW THIS COURT'S ATTENTION TO THE OBJECTION THAT WAS PLACED ON THE RECORD PRIOR TO DEFENDANT PLEADING GUILTY.

VI.    THAT DEFENDANT WOULD SUBMIT THAT HE WAS IMPROPERLY SCORED UNDER OFFENSE VARIABLE(S) OV-3, OV-4, OV-8, OV-9, AND OV-19.

The trial initially held petitioner's motion in abeyance. After the conclusion of his direct appeal, the trial court denied petitioner's motion, rejecting each claim on the merits. *See People v. Jones*, No. 08-220445-FC (Oakland County, Mich., Cir. Ct. May 19, 2010) [hereinafter "Trial Ct. op."]. Petitioner sought leave to appeal in the Michigan Court of Appeals, raising these claims as well as a claim of ineffective assistance of appellate counsel. The court of appeals denied petitioner's application in a standard order, "for lack of merit in the grounds presented." *People v. Jones*, No. 301685 (Mich. Ct. App. Dec. 9, 2011). Petitioner subsequently sought leave to appeal in the Michigan Supreme Court. The Supreme Court denied petitioner's application for leave to appeal in a standard order. *See People v. Jones*, 493 Mich. 917, 823 N.W.2d 569 (2012).

      6.    Petitioner, proceeding *pro se*, filed the instant application for a writ of habeas corpus on June 17, 2013. As grounds for the writ of habeas corpus, he raises the following claims:

I.    WHETHER THE GUILTY PLEA WAS INVOLUNTARY UNDER THE UNITED STATES SUPREME COURT'S THREE RECOGNIZED BASIC CONSTITUTIONAL REQUIREMENTS WHICH MUST BE SATISFIED IF A GUILTY PLEA IS TO BE UPHELD.

II. THE UNITED STATES SUPREME COURT AND THE MICHIGAN SUPREME COURT HAS HELD THAT A PETITIONER, AFTER PLEADING GUILTY MAY RAISE ON APPEAL THOSE DEFENSES AND RIGHTS WHICH WOULD PRECLUDE THE STATE FROM OBTAINING A VALID CONVICTION AGAINST THE PETITIONER. WHERE CHARGES WERE BROUGHT UNDER AN INAPPLICABLE STATUTE QUALIFY.

III. WHETHER PETITIONER WAS DENIED EFFECTIVE ASSISTANCE OF TRIAL COUNSEL IN VIOLATION OF THE UNITED STATES CONSTITUTIONAL AMENDMENT SIXTH AND THE MICHIGAN CONST. 1963, ART. 1 § 20, WHEN TRIAL COUNSEL FAILS TO INVESTIGATE AND DEMONSTRATES DEFICIENT PERFORMANCE PREJUDICIAL TO PETITIONER.

IV. WHETHER THE TRIAL COURT ABUSED ITS DISCRETION AND VIOLATED PETITIONER'S RIGHT TO DUE PROCESS UNDER STATE AND FEDERAL LAW BY DENYING MOTION TO WITHDRAW GUILTY PLEA AND MOTION FOR RECONSIDERATION. ALSO DENYING THE APPOINTMENT OF COUNSEL FOR PETITIONER SEEKING FIRST TIER APPELLATE REVIEW OF A TIMELY FILED MOTION TO WITHDRAW GUILTY PLEA.

V. WHETHER PETITIONER WAS DEPRIVED OF AN ENTIRE JUDICIAL PROCEEDING AND APPELLATE COUNSEL WHEN APPELLATE COUNSEL FAILS TO FOLLOW MICHIGAN COURT RULES AND PROCEDURES RENDERING INCOMPETENT ADVICE DEMONSTRATING DEFICIENT PERFORMANCE AND PREJUDICE TO PETITIONER'S APPELLATE PROCEEDING.

VI. WHETHER DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT WAS VIOLATED WHEN THE SENTENCING COURT RELIED ON MATERIALLY FALSE OR UNRELIABLE INFORMATION IN IMPOSING SENTENCE, WHEN OFFENSE VARIABLES HAVE BEEN SCORED IMPROPERLY.

7. Respondent filed his answer on December 26, 2013. He contends that petitioner's

claims are without merit.

8. Petitioner filed a reply to respondent's answer on February 10, 2014.

B.   *Factual Background Underlying Petitioner's Conviction*

Petitioner's convictions arise from the April 11, 2008, robbery of a Red Lobster restaurant in Madison Heights, Michigan. Petitioner was charged, along with his codefendant Marvin Glenn, with assault with intent to rob while armed, as well as third-degree fleeing and eluding. At an evidentiary hearing to suppress the victim's identifications of petitioner and his codefendant, the two victims testified regarding the crime. Their testimony was accurately summarized in the trial court's opinion and order denying petitioner's motion to suppress, as quoted in respondent's answer:

> "On April 11, 2008, two black men entered the Red Lobster in Madison Heights. One of the men, wearing dark clothing and a fake goatee, indicated that he left his credit card in the restaurant the previous night with the name 'Patrick Carl Jones' on it. When the employee, Bill Stanley, went into the office, the man followed and then pushed him into the office. A second suspect, wearing a wig with dread locks and a hat, then forced his way into the office yelling 'Where is the money, give us all the money!' and then reached in his waistband for what witnesses thought was a gun. Another witness was in the office at the time and also observed both of the suspects. Bill Stanley began to yell 'Call 911!' and pulled the fire alarm. At that time, both men ran out the front door.
>
> At that time, Devonte McClung was coming into work when he saw two black males running from the front door, one wearing a fake beard and the other wearing a wig. Both of the men ran toward a black Escalade parked on a side street.
>
> Officer Caciedo from the Madison Heights Police Department was dispatched to the scene and obtained witness statements. After police action, both of the defendants were returned to the scene within one hour of the attempted robbery.
>
> Ms. Brzezinski and Mr. McClung positively identified both of the suspects. Ms. Brzezinski also indicated that 'the two men that Madison Heights police brought to our back parking was positively identified as the two men that came into the restaurant that attempted to rob me (Red Lobster).' She indicated that Jones was the one with the fake goatee and Glenn was the individual who came into the office with the dread locks. Mr. McClung also identified Glenn as the individual with the wig and Jones as the person with the fake beard."

Answer, at 4-5 (quoting Trial Ct. op., dated 8/6/08, at 1-2.).

Petitioner and his codefendant were both charged with assault with intent to rob while armed. On the date set for trial, the trial court ruled that petitioner and his codefendant would not be entitled to an instruction on attempted robbery (either armed or unarmed) as a lesser offense. Both petitioner

and his codefendant then reached a plea agreement with the prosecutor.  Under the agreement, petitioner would plead guilty to the fleeing and eluding charge, as well as to an amended charge of assault with intent to rob while unarmed.  Petitioner would also admit to being a fourth habitual offender.  *See* Plea Tr., at 9-10, 18-19.  Petitioner indicated that he understood the agreement, and that based on his habitual offender status he faced a potential sentence of life imprisonment.  *See id*. at 19.  Petitioner denied that any other promises had been made, or that he had been threatened to enter his plea.  *See id*. at 19, 21.  Both the prosecutor and defense counsel indicated that they were unaware of any promises, threats, or inducements other than what had been placed on the record. *See id*. at 24-25.  The trial court informed petitioner of the rights he was waiving by pleading guilty, and petitioner indicated that he understood his rights and that he was waiving them by entering his plea.  *See id*. at 19-21.  Petitioner admitted that he assaulted one or both of the victims "with force or violence, or the threat of force or violence," and that at the time he did so he intended to commit a robbery.  *Id*. at 22.  Petitioner also admitted that he refused to stop for the police and attempted to flee, and that he had three prior convictions for armed robbery.  *See id*. at 23-24.  The trial court found that petitioner's plea was understanding and voluntary, and accepted the plea.  *See id*. at 25.

C.      *Standard of Review*

Because petitioner's application was filed after April 24, 1996, his petition is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996).  *See Lindh v. Murphy*, 521 U.S. 320, 326-27 (1997). Amongst other amendments, the AEDPA amended the substantive standards for granting habeas relief by providing:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect

7

to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--

　　　(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

　　　(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

"[T]he 'contrary to' and 'unreasonable application' clauses [have] independent meaning." *Williams v. Taylor*, 529 U.S. 362, 405 (2000); *see also*, *Bell v. Cone*, 535 U.S. 685, 694 (2002). "A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams*, 529 U.S. at 405-06); *see also*, *Early v. Packer*, 537 U.S. 3, 8 (2002); *Bell*, 535 U.S. at 694. "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also*, *Bell*, 535 U.S. at 694. However, "[i]n order for a federal court to find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also*, *Williams*, 529 U.S. at 409. As the Supreme Court has explained, the standard for relief under § 2254(d) "is difficult to meet, [and] that is because it was meant to be." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011). As the Court explained, "[s]ection

8

2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice system,' not a substitute for ordinary error correction through appeal." *Id.* (quoting *Jackson v. Virginia*, 443 U.S. 307, 332 n.5 (1979) (Stevens, J., concurring in the judgment)).  Thus, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 786-87.

By its terms, § 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with "clearly established federal law as determined by the Supreme Court."  Thus, "§ 2254(d)(1) restricts the source of clearly established law to [the Supreme] Court's jurisprudence." *Williams*, 529 U.S. at 412.  Further, the "phrase 'refers to the holdings, as opposed to the dicta, of [the] Court's decisions as of the time of the relevant state-court decision.'  In other words, 'clearly established Federal law' under § 2254(d)(1) is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003) (citations omitted) (quoting *Williams*, 529 U.S. at 412).  The relevant "clearly established law" is the law that existed at the time of the last state court decision to issue a reasoned decision on the claim, *see Greene v. Fisher*, 132 S. Ct. 38, 44-45 (2011), and in evaluating the reasonableness of that decision a federal habeas court is limited to the record that was before the state court at the time of its decision, *see Cullen v. Pinholster*, 131 S. Ct. 1388, 1398-99 (2011).

Although "clearly established Federal law as determined by the Supreme Court" is the benchmark for habeas review of a state court decision, the standard set forth in § 2254(d) "does not

require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early*, 537 U.S. at 8; *see also*, *Mitchell*, 540 U.S. at 16. Further, although the requirements of "clearly established law" are to be determined solely by the holdings of the Supreme Court, the decisions of lower federal courts are useful in assessing the reasonableness of the state court's resolution of an issue. *See Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Phoenix v. Matesanz*, 233 F.3d 77, 83 n.3 (1st Cir. 2000); *Dickens v. Jones*, 203 F. Supp. 2d 354, 359 (E.D. Mich. 2002) (Tarnow, J.).

The deferential standard of review set forth in § 2254(d) applies even though the Michigan Court of Appeals did not issue a reasoned decision. As the Supreme Court has explained, an unexplained summary order by a state court is presumed to be a rejection of the claims on the merits, and the petitioner bears the burden of demonstrating that the rejection was on some basis other than the merits. *See Harrington v. Richter*, 131 S. Ct. 770, 784-85 (2011). Here, there is no indication that the Michigan Court of Appeals denied petitioner's applications for leave to appeal on any basis other than the merits. On the contrary, the court of appeals explicitly stated that its denials were "for lack of merit in the grounds presented," and the Michigan Court of Appeals has repeatedly held a denial on this basis is "a determination on the merits of the case." *Attorney Gen'l ex rel. Dep't of Treasury v. Great Lakes Real Estate Investment Trust*, 77 Mich. App. 1, 3, 257 N.W.2d 248, 249 (1977); *accord Hoye v. DMC/WSU*, No. 285780, 2010 WL 334833, at *1 (Mich. Ct. App. Jan. 28, 2010) (per curiam); *McCabe v. Miller & Assocs., L.L.P.*, No. 275498, 2007 WL 2935032, at *3 (Mich. Ct. App. Oct. 9, 2007) (per curiam); *People v. Douglas*, 122 Mich. App. 526, 530, 332 N.W.2d 521, 523 (1983). Accordingly, the Michigan Court of Appeals's denial of petitioner's

application for leave to appeal "for lack of merit in the grounds presented" constitutes an adjudication on the merits for purposes of § 2254(d). *See Snyder v. Lafler*, No. 09-13773, 2011 WL 309056, at *3 (E.D. Mich. Jan. 27, 2011) (Roberts, J.).

D.    *Validity of Plea (Claims I, II, & IV)*

In his first, second, and fourth claims, petitioner challenges the validity of his plea on various grounds. The Court should conclude that petitioner is not entitled to habeas relief on these claims.

1.    *Clearly Established Law*

A plea of guilty is valid if it is entered voluntarily and intelligently, as determined under the totality of the circumstances. *See Brady v. United States*, 397 U.S. 742, 748-49 (1970); *King v. Dutton*, 17 F.3d 151, 153 (6th Cir. 1994). The Constitution requires, for a plea to be valid, that the defendant be informed of all direct consequences of his plea. *See Brady*, 397 U.S. at 755; *King*, 17 F.3d at 153. A solemn declaration of guilt by the defendant carries a presumption of truthfulness. *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977); *Henderson v. Morgan*, 426 U.S. 637, 648 (1976). "The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Blackledge*, 431 U.S. at 74. Where the defendant "was fully aware of the likely consequences when he pleaded guilty[,] it is not unfair to expect him to live with those consequences[.]" *Mabry v. Johnson*, 467 U.S. 504, 511 (1984). Thus,

> [i]t is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked. It is also well settled that plea agreements are consistent with the requirements of voluntariness and intelligence--because each side may obtain advantages when a guilty plea is exchanged for sentencing concessions, the agreement is no less voluntary than any other bargained-for exchange.

*Id*. at 508 (footnotes omitted). Petitioner does not contend that he was coerced into pleading guilty

or that the decision was not his own, nor could he given that he stated at the plea hearing that he had not been threatened or coerced into pleading guilty. *See Blackledge*, 431 U.S. at 74 ("Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible."). As a number of Judges of this Court have observed:

> When a petitioner brings a federal habeas petition challenging his plea of guilty (or no contest), the state generally satisfies its burden by producing a transcript of the state court proceedings showing that the plea was made voluntarily. The factual findings of a state court that the guilty plea was properly made are generally accorded a presumption of correctness. Petitioner must overcome a heavy burden if the federal court is to overturn these findings by the state court. . . . Additionally, a habeas petitioner bears a heavy burden of rebutting the presumption that his or her guilty plea, as evidenced by the plea colloquy, is valid.

*Shanks v. Wolfenbarger*, 387 F. Supp. 2d 740, 749 (E.D. Mich. 2005) (Gadola, J.) (citations omitted); *accord Thirkield v. Pitcher*, 199 F. Supp. 2d 637, 651-52 (E.D. Mich. 2002) (Friedman, J.); *Hastings v. Yukins*, 194 F. Supp. 2d 659, 669 (E.D. Mich. 2002) (Cleland, J.); *Holtgreive v. Curtis*, 174 F. Supp. 2d 572, 586 (E.D. Mich. 2001) (Hood, J.); *Myers v. Straub*, 159 F. Supp. 2d 621, 626 (E.D. Mich.2001) (Steeh, J.). In short where, as here, "the court has scrupulously followed the required procedure, the defendant is bound by his statements in response to that court's inquiry." *Ramos v. Rogers*, 170 F.3d 560, 566 (6th Cir. 1999) (internal quotation omitted).

2.    *Analysis*

a.  *Involuntary and Illusory Plea*

In his first two claims, petitioner contends that his plea was involuntary and illusory because he could not properly be charged with assault with intent to rob while armed, the charge which was dismissed in exchange for his plea. He also contends that the plea was coerced by the trial court's

ruling that he would not be entitled to an instruction on the lesser offense of attempted robbery, and that he was inappropriately charged with assault with intent to rob instead of attempted robbery. The trial court rejected petitioner's claims, concluding that assault with intent to rob while armed charge was properly brought, and thus that petitioner could not show that his plea was involuntary or illusory. *See* Trial Ct. op., at 3-5. This determination was reasonable.

The mere fact that petitioner's plea was based on his desire to avoid facing trial on the assault with intent to rob while armed charge, an offense carrying a potential life sentence, is not sufficient to establish that his plea was involuntary. As the Supreme Court has explained, a guilty plea is not "compelled and invalid under the Fifth Amendment whenever motivated by the defendant's desire to accept the certainty or probability of a lesser penalty rather than face a wider range of possibilities extending from acquittal to conviction and a higher penalty authorized by law for the crime charged." *Brady*, 397 U.S. at 751. The Court in *Brady* did explicitly "make no reference to the situation where the prosecutor or judge, or both, deliberately employ their charging and sentencing powers to induce a particular defendant to tender a plea of guilty," *id*. at 751 n.8, but there is no evidence that the prosecutor deliberately employed his charging discretion to induce petitioner's plea. "[S]o long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file . . . generally rests entirely in [the prosecutor's] discretion." *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978). "Probable cause signifies evidence sufficient to cause a person of ordinary prudence and caution to conscientiously entertain a reasonable belief of the accused's guilt." *People v. Justice*, 454 Mich. 334, 344, 562 N.W.2d 652, 657 (1997). Under Michigan law, "'[t]he elements of assault with intent to rob while armed are: (1) an assault with force and violence; (2) an intent to

13

rob or steal; and (3) the defendant's being armed. Because this is a specific-intent crime, there must be evidence that the defendant intended to rob or steal.'" *People v. Akins*, 259 Mich. App. 545, 554, 675 N.W.2d 863, 873 (2003) (quoting *People v. Cotton*, 191 Mich. App. 377, 391, 478 N.W.2d 681, 688 (1991)).

Here, there was sufficient probable cause for the prosecutor to believe that petitioner's conduct satisfied the requirements of the assault with intent to rob while armed statute. Contrary to petitioner's argument, there was evidence that petitioner and his codefendant committed an assault "with force and violence." As the trial court explained, "[t]he testimony at the evidentiary hearing showed that [petitioner] 'pushed' and 'forced' one of the victims into the cash stand. The victim stated that he suffered bruising to his neck, minor injuries to his knees and back, and that the force caused his dentures to crack. This testimony established that [petitioner] assaulted the victim using force and violence." Trial Ct. op., at 4. Further, there was evidence which provided probable cause to believe that petitioner or his codefendant was armed at the time of the assault. Again as explained by the trial court: "[O]ne of the victims testified at the evidentiary hearing that codefendant Glenn reached under his coat into his waistband and that, though she did not see a gun, she believed he was reaching for one. At sentencing, trial counsel acknowledged that the police recovered a gun that was thrown from [petitioner's] car window during the high-speed chase. Codefendant's act of reaching under his coat, plus the recovered gun, was objective evidence that he possessed a dangerous weapon." Trial Ct. op., at 5. In short, the assault with intent to rob while armed charge was supported by probable cause, and thus petitioner cannot show that his guilty plea, premised on a desire to avoid trial on that greater charge, was involuntary.

For the same reason, petitioner cannot show that his guilty plea was illusory. An illusory

14

plea bargain is one which offers no real benefit to the defendant. *See United States v. Randolph*, 230 F.3d 243, 250-51 (6th Cir. 2000). A plea is not illusory where the defendant "received a real, tangible benefit in consideration for the plea." *Jones v. Prelesnik*, No. 2:08–CV–14126, 2011 WL 1429206, at * (E.D. Mich. Apr. 14, 2011) (Zatkoff, J.) (citing *Daniel v. Overton*, 845 F. Supp. 1170, 1174 (E.D. Mich.1994)). Here, because petitioner was properly charged with assault with intent to rob while armed, he received a real, tangible benefit for his plea, namely, dismissal of that greater charge.

Nor can petitioner show that the trial court's pre-plea ruling on his request for an instruction on the lesser offense of attempted robbery rendered his plea involuntary, for two reasons. First, petitioner cannot show that the trial court's decision was erroneous under state law. As petitioner correctly notes, there is no doubt that attempted robbery is a necessarily included lesser offense of assault with intent to rob. *See Akins*, 259 Mich. App. at 552-53, 675 N.W.2d at 872. This fact alone, however, would not have entitled petitioner to a lesser offense instruction under state law. Under Michigan law, a defendant is entitled to a lesser offense instruction where both the lesser offense is a necessarily included one and "a rational view of the evidence would support it." *People v. Cornell*, 466 Mich. 335, 357, 646 N.W.2d 127, 139 (2002). "The distinguishing element between the greater offense of assault with intent to rob while armed and the lesser offense attempted armed robbery is the element of assault." *Akins*, 259 Mich. App. at 553, 675 N.W.2d at 872. Because of this, and because the testimony of the victims established that an assault had occurred during the commission of the robbery, the trial court could have reasonably concluded, as a preliminary matter, that "a rational view of the evidence" expected to be offered at trial would not support an instruction on the lesser offense of attempted robbery. *See People v. Hardy*, No. 242199, 2003 WL 22681390,

15

at *6 (Mich. Ct. App. Nov. 13, 2003) (per curiam); *People v. Frederick*, No. 239982, 2003 WL 21716453, at *2 (Mich. Ct. App. July 24, 2003) (per curiam).[2]

Second, even if the trial court erred in this regard, petitioner cannot show that the trial court's error rendered his plea involuntary. A trial court's pre-trial rulings, even if they bear on a defendant's decision to plead guilty, do not render involuntary an otherwise valid plea. *See United States v. Moussaoui*, 591 F.3d 263, 280 (4th Cir. 2010). "In confronting the choice of whether to plead guilty . . . or go to trial to preserve the [lesser offense instruction] issue, [petitioner] did not face a decision different from that of any other defendant faced with an adverse pre-trial ruling. . . . The transcript of the [plea] proceeding in this case reveals that the trial court made a completely satisfactory effort to ensure that [petitioner's] plea was voluntary and not, in any way, the product of coercion." *United States v. Davis*, 954 F.2d 182, 185 (4th Cir. 1992). "The fact that the trial court's [pre-trial] ruling[] affected petitioner's balancing of the costs and benefits of pleading [guilty] does not render his decision anything other than a 'voluntary and intelligent choice among the alternative courses of action open to [him].'" *Hambrick v. Lafler*, No. 2:07-CV-13703, 2009 WL 6409364, at *11 (Nov. 9, 2009) (Komives, M.J.) (quoting *North Carolina v. Alford*, 400 U.S. 25, 31 (1970)), *magistrate judge's report and recommendation adopted*, 2010 WL 1754499 (E.D. Mich.

---

[2]Nor did the trial court's preliminary ruling implicate any constitutional right of petitioner. Although the Eighth Amendment and the Due Process Clause require that a trial court instruct the jury on lesser included offenses in the context of a capital case, *see Beck v. Alabama*, 447 U.S. 625, 637-38 (1980) (trial court required to instruct *sua sponte* on lesser included offenses where the failure to do so would result in the jury being given an "all or nothing" choice of convicting on the capital charge or acquitting the defendant), "the Constitution does not requires a lesser-included offense instruction in non-capital cases." *Campbell v. Coyle*, 260 F.3d 531, 541 (6th Cir. 2001). As the Sixth Circuit has noted, even where a lesser offense instruction is requested, the failure of a court to instruct on a lesser included or cognate offense in a non-capital case is generally "not an error of such magnitude to be cognizable in federal habeas corpus review." *Bagby v. Sowders*, 894 F.2d 792, 797 (6th Cir. 1990) (en banc); *see also*, *Scott v. Elo*, 302 F.3d 598, 606 (6th Cir. 2002).

16

Apr. 30, 2010) (Hood, J.).  Because "petitioner cannot show that [the trial court's ruling] resulted in a plea that was not his free and voluntary choice," *id*., the Court should conclude that petitioner is not entitled to habeas relief on this claim.

### b.  Withdrawal

In his fourth claim, petitioner contends that the trial court erred in denying his motion to withdraw his plea.  Petitioner is not entitled to habeas relief on this claim.  It is well established that federal habeas courts have no authority to interfere with perceived errors in state law unless the petitioner is denied fundamental fairness in the trial process.  *See Estelle*, 502 U.S. at 67-68; *Serra v. Michigan Dep't of Corrections*, 4 F.3d 1348, 1354 (6th Cir. 1993).  A criminal defendant has no constitutional right to withdraw a validly and voluntarily entered guilty plea.  *See Chene v. Abramajtys*, No. 95-1491, 1996 WL 34902, at *2 (6th Cir. Jan. 29, 1996); *Metcalf v. Bock*, No. 00-10361-BC, 2002 WL 31749157, at *5 (E.D. Mich. Dec. 5, 2002) (Lawson, J.); *Freeman v. Muncy*, 748 F. Supp. 423, 429 (E.D. Va. 1990); *Williams v. Smith*, 454 F. Supp. 692, 696 (W.D.N.Y. 1978), *aff'd*, 591 F.2d 169 (2d Cir. 1979).  Thus, the trial court's failure to allow petitioner to withdraw his plea under the governing state court rules does not state a cognizable basis for habeas relief.

E.     *Counsel (Claims III, IV, & V)*

Petitioner next raises several claims of ineffective assistance or denial of counsel.  The Court should conclude that petitioner is not entitled to habeas relief on these claims.

### 1.     *Ineffective Assistance of Trial Counsel (Claim III)*

### a.  Clearly Established Law

The Sixth Amendment right to counsel and the right to effective assistance of counsel protect the fundamental right to a fair trial.  *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).  To

establish the ineffective assistance of counsel, petitioner must show that: (1) counsel's errors were so serious that "counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment;" and (2) counsel's deficient performance prejudiced the defense. *Id*. at 687. These two components are mixed questions of law and fact. *Id*. at 698. Further, "[t]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." *Id.* at 697. If "it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed." *Id.* With respect to the performance prong of the *Strickland* test, a strong presumption exists that counsel's behavior lies within the wide range of reasonable professional assistance. *See id*. at 689; *see also O'Hara v. Wigginton*, 24 F.3d 823, 828 (6th Cir. 1994). "[D]efendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689 (citation omitted). "[T]he court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id*. at 690. With respect to the prejudice prong, the reviewing court must determine, based on the totality of the evidence before the factfinder, "whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." *Id*. at 695. It is petitioner's burden to establish the elements of his ineffective assistance of counsel claim. *See United States v. Pierce*, 63 F.3d 818, 833 (6th Cir. 1995) (petitioner bears the burden of establishing counsel's ineffectiveness); *Lewis v. Alexander*, 11 F.3d 1349, 1352 (6th Cir. 1993) (same).

As the Supreme Court has recently explained, *Strickland* establishes a high burden that is difficult to meet, made more so when the deference required by § 2254(d)(1) is applied to review

a state court's application of *Strickland*:

> "Surmounting Strickland's high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. ----, ----, 130 S.Ct. 1473, 1485, 176 L.Ed.2d 284 (2010). An ineffective-assistance claim can function as a way to escape rules of waiver and forfeiture and raise issues not presented at trial, and so the Strickland standard must be applied with scrupulous care, lest "intrusive post-trial inquiry" threaten the integrity of the very adversary process the right to counsel is meant to serve. *Strickland*, 466 U.S., at 689-690, 104 S.Ct. 2052. Even under *de novo* review, the standard for judging counsel's representation is a most deferential one. Unlike a later reviewing court, the attorney observed the relevant proceedings, knew of materials outside the record, and interacted with the client, with opposing counsel, and with the judge. It is "all too tempting" to "second-guess counsel's assistance after conviction or adverse sentence." *Id*., at 689, 104 S.Ct. 2052; *see also Bell v. Cone*, 535 U.S. 685, 702, 122 S.Ct. 1843, 152 L.Ed.2d 914 (2002); *Lockhart v. Fretwell*, 506 U.S. 364, 372, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993). The question is whether an attorney's representation amounted to incompetence under "prevailing professional norms," not whether it deviated from best practices or most common custom. *Strickland*, 466 U.S., at 690, 104 S.Ct. 2052.

*Harrington v. Richter*, 131 S. Ct. 770, 788 (2011).

The Sixth Amendment right to counsel extends to the plea bargaining process, and thus "[d]uring plea negotiations defendants are 'entitled to the effective assistance of competent counsel.'" *Lafler v. Cooper*, 132 S. Ct. 1376, 1384 (2012) (quoting *McMann v. Richardson*, 397 U.S. 759, 771 (1970)) "'[T]he two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel.'" *Id*. (quoting *Hill v. Lockhart*, 474 U.S. 52, 58 (1985)); *see also*, *Missouri v. Frye*, 132 U.S. 1399, 1406 (2012).  However, the *Strickland* standard is particularly rigorous in the plea bargaining context.  Because "[p]lea bargains are the result of complex negotiations suffused with uncertainty . . . [in which] defense attorneys must make careful strategic choices in balancing opportunities and risks," "strict adherence to the *Strickland* standard [is] all the more essential when reviewing the choices an attorney made at the plea bargain stage." *Premo v. Moore*, 131 S. Ct. 733, 741 (2011).  Further, to demonstrate prejudice as a result of

counsel's performance with respect to the entry of a guilty plea, petitioner must "demonstrate 'a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *Id.* at 743 (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

### b. Analysis

Petitioner contends that counsel was ineffective for failing to seek dismissal of the assault with intent to rob while armed charge based on the testimony of one of the victims that she never actually saw a gun, and that counsel was ineffective for failing to challenge the trial court's ruling regarding the lesser offense instruction. The state courts' rejection of this claim was reasonable. As explained above, notwithstanding the victim's testimony that she never actually saw a gun, her testimony that Glenn appeared to reach for a gun, combined with the fact that a gun was thrown from petitioner's car during the chase that followed the robbery, provided probable cause to believe that Glenn was armed at the time of the robbery. Under Michigan law, a circuit court may not dismiss a charge supported by probable cause. *See People v. Pippen*, No. 300171, 2011 WL 6186958, at *1-*2 (Mich. Ct. App. Dec. 13, 2011) (per curiam); *People v. Hoffer*, No. 223715, 2001 WL 1011666, at *1 (Mich. Ct. App. Sept. 4, 2001) (per curiam). Because there was probable cause to support the charge, petitioner cannot show a reasonable probability that the charge would have been dismissed had counsel moved to dismiss the assault with intent to rob while armed charge. He thus cannot show that counsel was ineffective.

With respect to the jury instruction issue, it is clear that counsel sought, if the case proceeded to trial, an instruction on attempted robbery as a lesser included offense. The trial court denied that request. Petitioner does not suggest what else counsel could have done to press this issue. Counsel raised the matter in the trial court, and the trial court rejected the requested instruction. Further, as

20

explained above, because the evidence available to that point suggested that an assault had in fact been committed, petitioner has failed to show any error in the trial court's preliminary determination that an attempted robbery instruction would not be appropriate.  In these circumstances, petitioner cannot show that counsel was ineffective in his handling of the lesser offense instruction issue. Accordingly, the Court should conclude that petitioner is not entitled to habeas relief on his ineffective assistance of trial counsel claims.

### 2.    *Appellate Counsel (Claims IV & V)*

Petitioner next contends that he was denied his right to counsel on appeal of his motion to withdraw his guilty plea, and that appellate counsel was ineffective for failing to raise on appeal the various challenges to his plea that he raises here.  The Court should conclude that petitioner is not entitled to habeas relief on these claims.

### a.  *Denial of Counsel/Presumed Prejudice*

Petitioner argues that he was denied his right to counsel in connection with the appeal of his motion to withdraw the plea and, therefore, he need not demonstrate prejudice as a result of counsel's failure to raise these claims on appeal.  The Court should reject this argument.

It is well-established that the constitution does not require a state to provide for an appeal from a criminal conviction.  *See Ross v. Moffitt*, 417 U.S. 600, 606 (1974); *McKane v. Durston*, 153 U.S. 684, 687 (1894).  It is equally well established, however, that where a state does provide a system of appellate review, it must comply with the requirements of the Due Process and Equal Protection Clauses of the Fourteenth Amendment.  Thus, the Supreme Court has held that a state may not deny counsel to an indigent defendant pursuing an appeal of right.  *See Douglas v. California*, 372 U.S. 353, 356-57 (1963).  The Supreme Court subsequently held, however, that a

21

state need not appoint counsel to an indigent defendant pursuing a discretionary appeal. *See Ross*, 417 U.S. at 609. In *Halbert v. Michigan*, 545 U.S. 605 (2005), , the Court held that the state's practice of denying indigent defendants appointed counsel to pursue a first-tier application for leave to appeal in plea cases came within the *Douglas* line of cases, and thus that the denial of appointed counsel violated indigent defendants' rights to due process and equal protection.

Here, there is no question that petitioner had counsel to pursue his first-tier appeal from his plea based conviction, and that counsel filed an application for leave to appeal and supporting brief. While this application for leave to appeal was pending, petitioner filed a *pro se* motion to withdraw his plea in the trial court pursuant to MICH. CT. R. 6.310. The trial court held this motion in abeyance pending the disposition of petitioner's appeal. After the Michigan Court of Appeals denied leave to appeal, counsel withdrew and petitioner sought appointment of substitute counsel. The trial court denied this request. Petitioner argues that he was entitled to counsel on appeal of the trial court's denial of his motion to withdraw his plea, because Rule 6.310 requires that a motion to withdraw be filed in the trial court to preserve for appeal any claim that his plea was involuntary. *See* MICH. CT. R. 6.310(D). Because he did not have counsel in connection with this second appeal, petitioner argues, he need not demonstrate prejudice. This argument is without merit. Petitioner was appointed counsel, who reviewed the record and determined in his professional judgment which claims to raise on appeal, none of which required the filing of a motion to withdraw the plea. As the letters between petitioner and appellate counsel attached to petitioner's application make clear, counsel considered the claims petitioner wished to raise and concluded that the claims would be frivolous. Petitioner therefore filed a *pro se* motion to withdraw the plea in the trial court, as a necessary first step to filing a *pro se* brief in the court of appeals raising these claims. The filing of

22

a supplemental *pro se* brief in the Michigan Court of Appeals is an accepted and oft-used procedure in Michigan, *see* Administrative Order 2004-6, Standard 4, 471 Mich. cii (2004), and an appellate attorney's failure to raise claims on appeal that a petitioner subsequently raises in a Standard 4 brief does not amount to a denial of counsel or give rise to a presumption of prejudice. That, in effect, is all that happened here. Petitioner sought to raise claims challenging the validity of the plea itself, appellate counsel thought those claims meritless and so declined to raise them, leading petitioner to pursue those claims on his own. The only distinction from the normal case present here is that, because the trial court held the motion to withdraw in abeyance, the claims raised by counsel and the *pro se* claims were bifurcated into two separate proceedings, rather than proceeding apace.

The fact that the claims presented by counsel and the claims raised by petitioner *pro se* were bifurcated into two separate appellate proceedings does not implicate any of the concerns animating the Court's decisions in the *Douglas* line of cases. This is not a case, as in *Douglas* and *Halbert*, where petitioner was denied "'the assistance of appellate counsel in preparing and submitting a brief to the appellate court which defines the legal principles upon the claims of error are based,'" *Halbert*, 545 U.S. at 620 (quoting *Swenson v. Bosler*, 386 U.S. 258, 259 (1967) (per curiam)). Nor is it a case in which petitioner was required to engage in the "perilous endeavor" of "[n]avigating the appellate process without a lawyer's assistance." *Id.* at 621. Nor is this a case, such as *Roe v. Flores-Ortega*, 528 U.S. 470 (2000), in which petitioner suffered "forfeiture of [the appellate] proceeding itself." *Id.* at 483. The Seventh Circuit's decision on a nearly identical issue in *Kitchen v. United States*, 227 F.3d 1014 (7th Cir. 2000), is persuasive in this regard. In *Kitchen*, the defendant's counsel (who was the same at trial and on appeal) filed both a direct appeal of the defendant's conviction and a motion for new trial in the trial court under FED. R. CRIM. P. 33, based

on newly discovered evidence.  Although the appellate proceedings were stayed, following the trial

court's denial of the defendant's Rule 33 motion counsel inadvertently failed to file a notice of

appeal with respect to that denial, precluding appellate review of the issues raised in the Rule 33

motion.  *See id*. at 1017.  The defendant subsequently filed a motion to vacate his sentence under

28 U.S.C. § 2255, arguing that counsel's failure to file a notice of appeal with respect to the Rule

33 motion amounted to ineffective assistance of counsel.  *See id*.  The Seventh Circuit agreed with

the defendant that the post-trial, pre-appeal period in which the motion for new trial was filed

constituted a critical stage of the proceedings to which the right of counsel was applicable.  *See id*.

at 1018-19.[3]  The court also agreed that counsel performed deficiently in failing to file a notice of

appeal with respect to the motion for new trial.  *See id*. at 1019-20.

    The Seventh Circuit rejected, however, the defendant's argument that prejudice should be

presumed from counsel's failure to appeal the motion for new trial.  The court's reasoning is directly

applicable here, and worthy of quoting at length:

    Kitchen first argues that his counsel's failure to file a notice of appeal from the

---

[3]The Court need not determine whether this conclusion was correct to conclude that petitioner
must nonetheless demonstrate prejudice.  Notably, however, in assessing whether the Michigan Court
of Appeals was unreasonable in rejecting this claim, "this court is constrained by the fact that there is
no holding of the United States Supreme Court clearly establishing a right to counsel for a motion for
new trial in a state which does not have a law requiring appointment of counsel in the context of pre-
appeal motions for new trial." *Horr v. Maine*, No. 7-147-B-W, 2008 WL 4822261, at *18 (Nov. 4, 2008),
*magistrate judge's report and recommendation adopted*, 2009 WL 43743 (D. Me. Jan. 6, 2009).  Nor can
petitioner obtain relief on the basis that it was unreasonable for the Michigan Court of Appeals to refuse
to extend the reasoning of cases such as *Douglas*, *Penson*, and *Halbert* to this situation.  As the Supreme
Court has just recently explained, "[s]ection 2254(d)(1) provides a remedy for instances in which a state
court unreasonably *applies* this Court's precedent; it does not require state courts to *extend* that precedent
or license federal courts to treat the failure to do so as error." *White v. Woodall*, ___ S. Ct. ___, ___,
2014 WL 1612424, at *8 (Apr. 23, 2014).  In other words, while petitioner "may have an argument that
his constitutional right to counsel was infringed by the state courts . . . when counsel was not appointed
on the motion [to withdraw his plea], he does not have a tenable 28 U.S.C. § 2254 claim given the
limitations of § 2254(d)(1) review." *Horr*, 2008 WL 4822261, at *18.

denial of the Rule 33 motion is *per se* constitutionally ineffective representation that requires no showing of prejudice by way of a likelihood of success on appeal. Prejudice, however, can be presumed only in the most egregious cases of ineffective assistance–those where "[p]rejudice . . . is so likely that case-by-case inquiry into prejudice is not worth the cost," [*Strickland*, 466 U.S.] at 692–and "[a]ctual or constructive denial of the assistance of counsel altogether is legally presumed to result in prejudice." *Id*. *See also Penson v. Ohio*, 488 U.S. 75, 88 (1988); *United States v. Cronic*, 466 U.S. 648, 659 (1984). The Supreme Court recently held, in a case in which defense counsel failed to file a notice of appeal for direct review of a conviction, that "when counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim," *Flores-Ortega*, 120 S.Ct. at 1039, and need not demonstrate "the merits of his underlying claims," *id*. at 1038. Prior to *Flores-Ortega*, we had ruled similarly in *Castellanos v. United States*, 26 F.3d 717, 720 (7th Cir. 1994) (holding, in a case in which it was undisputed that the defendant requested that his attorney file a direct appeal, that "[a] defendant is entitled on direct appeal to legal aid . . . and he need not make a preliminary showing of 'prejudice'. . . .").

Kitchen argues that he need not show a likelihood of success on appeal because this case is analogous to cases like *Castellanos* and *Flores-Ortega*. Although it is a close question, we must ultimately reject this argument. For in those cases in which the Supreme Court, as well as this and other circuits, have presumed prejudice from the failure to file a notice of appeal, defendants have had *no* assistance of counsel for *any* issues. *See Flores-Ortega*, 120 F.3d at 1033; *Castellanos*, 26 F.3d at 718. *See also, e.g.*, *Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir. 1998); *Morales v. United States*, 143 F.3d 94, 97 (2d Cir. 1998). *Cf. Penson*, 488 U.S. at 78-79 (defense counsel withdrew prior to appeal). Therefore, a presumption of prejudice has arisen when the defendant was hampered by "the *complete* denial of counsel," *Flores-Ortega*, 120 S.Ct. at 1038 (emphasis added), meaning that "the defendant *never* receive[d] the benefit of a lawyer's services in constructing potential appellate arguments," *Castellanos*, 26 F.3d at 718 (emphasis added). When "[n]o one has looked at the record with an advocate's eye," *id*., possible arguments on appeal are not even identified by an attorney, and it would be difficult for a court to evaluate the likelihood of success on appeal when the potential issues on that appeal were never identified. *Cf. Castellanos*, 26 F.3d at 718 (noting that although judges can "conscientiously" try "to imagine what a lawyer might have done, an advocate often finds things that an umpire misses.").

Here, however, we need not employ our imaginations to determine what appealable issues were present in Kitchen's case. His counsel filed a timely notice of appeal from Kitchen's conviction and sentence and argued several issues before this court on direct appeal–some with success. Thus, one cannot characterize such a situation as one in which Kitchen was "abandoned" by his attorney or the denial of counsel on appeal was "complete." His attorney's deficient performance did not "deprive[ ] [Kitchen] of the appellate proceeding altogether." *Flores-Ortega*, 120

S.Ct. at 1038. Rather, Kitchen's counsel, through his deficient performance, foreclosed our review of one issue–whether Kitchen was entitled to a new trial on the basis of newly discovered evidence. This is unlike the situation in which the possible issues on appeal have not even been identified by an advocate, and prejudice must be presumed. *See, e.g., Penson*, 488 U.S. at 88. Here, the abandoned issue has been clearly defined, and no reason has been offered why any prejudice resulting from its abandonment may not be reliably determined.

We believe that Kitchen's situation most closely resembles one in which his counsel has failed to preserve a particular issue for appellate review.[3] Our most recent decision addressing the omission of one issue from an appeal is *Mason v. Hanks*, 97 F.3d 887 (7th Cir. 1996). Under *Mason*, a defendant must demonstrate prejudice by showing that the "omitted issue 'may have resulted in a reversal of the conviction, or an order for a new trial,' " 97 F.3d at 893 (quoting *Gray v. Greer*, 800 F.2d 644, 646 (7th Cir. 1986)), and only if the defendant makes that showing, will we deem the lack of effective assistance prejudicial, *see id*.

> [3]This analogy is bolstered by the fact that had his counsel filed a timely notice of appeal from the denial of his motion for a new trial, that appeal would have been consolidated with Kitchen's direct appeal. *See United States v. Ellison*, 557 F.2d 128, 132 (7th Cir. 1977). . . .

*Id*. at 1020-21 (parallel citations omitted).

Here, as in *Kitchen*, petitioner was deprived of neither his appellate proceeding nor the assistance of counsel in identifying potential meritorious arguments on appeal. Counsel simply declined to press certain issues on appeal, issues which first required the filing of a motion to withdraw the plea. In the ordinary course, petitioner's motion to withdraw would have been decided before the appeal and the issues raised therein consolidated with the appeal filed by counsel. *See* MICH. CT. R. 7.208(B). That did not happen in petitioner's case, but this fact alone does not establish that he was wholly deprived of appellate counsel such that prejudice should be presumed. For the reasons explained in *Kitchen*, petitioner's "situation closely resembles one in which his counsel has failed to preserve a particular issue for appellate review." *Kitchen*, 227 F.3d at 1021. Accordingly, the Court should conclude that petitioner is not entitled to a presumption of prejudice.

26

*See also*, *Steward v. Runnels*, No. S-03-2670, 2008 WL 590471, at *7-*11 (Feb. 29, 2008), *magistrate judge's report and recommendation adopted*, 2008 WL 598118 (E.D. Cal. Mar. 4, 2008) (no presumption of prejudice where counsel filed appeal challenging sentence issues but failed to request a certificate of probable cause which was required to challenge the validity of the plea itself); *Jewson v. Crosby*, No. 3:04CV71, 2005 WL 1684209, at *7-*8 (Mar. 11, 2005), *magistrate judge's report and recommendation adopted*, 2005 WL 1692617 (N.D. Fla. June 16, 2005) (no presumption of prejudice from counsel's failure to file a motion for new trial, which precluded on appeal a claim that the evidence was against the weight of the evidence).[4]

### b. Ineffective Assistance

Turning to the merits of petitioner's ineffective assistance of appellate counsel claims, the Court should conclude that petitioner cannot show that counsel was ineffective for failing to raise on appeal the claims petitioner raised in his motion to withdraw his plea. With respect to appellate counsel, it is well established that "appellate counsel . . . need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal." *Smith v. Robbins*, 528 U.S. 259, 288 (2000) (citing *Jones v. Barnes*, 463 U.S. 745 (1983)). Although it is "possible to bring a *Strickland* claim based on counsel's failure to raise a particular claim, . . . it is difficult to demonstrate that counsel was incompetent." *Id*. As a general rule, it is "'only when ignored issues are clearly stronger than those presented [that] the presumption

---

[4]This conclusion is buttressed by the fact that, in recent years, the Supreme Court has repeatedly emphasized that the bulk of ineffective assistance of counsel claims are governed by *Strickland*, and that the presumed prejudice standard is applicable only in very narrowly circumscribed and previously defined situations. *See Bell v. Cone*, 535 U.S. 685, 695-98 (2002); *Mickens v. Taylor*, 535 U.S. 162, 166-76 (2002); *Roe v. Flores-Ortega*, 528 U.S. 470, 481-86 (2000); *Smith v. Robbins*, 528 U.S. 259, 284-89 (2000). These cases demonstrate that the Court has taken an extremely narrow view on the applicability of the presumed prejudice standard. *See Ouber v. Guarino*, 293 F.3d 19, 32-33 (1st Cir. 2002).

27

of effective assistance of counsel [can] be overcome.'" *Id.* (quoting *Gray v. Greer*, 800 F.2d 644, 646 (7th Cir. 1986)).  Further, in the appellate counsel context, to demonstrate prejudice petitioner must show a reasonable probability that his claims would have succeeded on appeal.  *See id.* at 285-86; *Benning v. Warden*, 345 Fed. Appx. 149, 155-56 (6th Cir. 2009); *McCleese v. United States*, 75 F.3d 1174, 1180 (7th Cir. 1996).

As explained above, each of the claims petitioner raised in his motion to withdraw is without merit.  Thus, petitioner cannot show that counsel's decision not to pursue these claims was deficient, or that there is a reasonable probability that the claims would have succeeded had they been raised by counsel on appeal.  Accordingly, the Court should conclude that petitioner is not entitled to habeas relief on these claims.

F.    *Sentencing (Claim VI)*

Finally, petitioner contends that the trial court erred in scoring several offense variables in computing his sentence under the Michigan sentencing guidelines.  The Court should conclude that petitioner is not entitled to habeas relief on this claim.

Petitioner's claim that the trial court erred in scoring the offense variables is not cognizable on habeas review.  It is well established that a habeas petitioner's claim that the trial court violated state law when sentencing him is not cognizable in habeas corpus proceedings. *See Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988); *Haynes v. Butler*, 825 F.2d 921, 924 (5th Cir. 1987).  Federal habeas courts have no authority to interfere with perceived errors in state law unless the petitioner is denied fundamental fairness in the trial process. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Serra v. Michigan Department of Corrections*, 4 F.3d 1348, 1354 (6th Cir. 1993). Petitioner's claim that the court improperly scored or departed from the guidelines range raises

28

issues of state law that are not cognizable on habeas review. *See Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999) (Gadola, J.) (claim that sentencing court departed from Michigan sentencing guidelines presents an issue of state law only and is, thus, not cognizable in federal habeas review); *Welch v. Burke*, 49 F. Supp. 2d 992, 1009 (E.D. Mich. 1999) (Cleland, J.) (same); *see also, Branan*, 851 F.2d at 1508 (claim that court misapplied state sentencing guidelines not cognizable on habeas review). Thus, petitioner is not entitled to habeas relief on his claims relating to the trial court's scoring of, or departure from, the Michigan sentencing guidelines.

Nor is petitioner entitled to relief based on *Townsend v. Burke*, 334 U.S. 736 (1948), and *United States v. Tucker*, 404 U.S. 443 (1972), in which "the United States Supreme Court invalidated defendants' sentences because they were imposed by trial courts in reliance upon material false assumptions of fact." *Eutzy v. Dugger*, 746 F. Supp. 1492, 1504 (N.D. Fla. 1989) (discussing *Townsend* and *Tucker*); *accord Stewart v. Peters*, 878 F. Supp. 1139, 1144 (N.D. Ill. 1995) (same). *See generally*, *Tucker*, 404 U.S. at 448-49; *Townsend*, 334 U.S. at 740-41. It is well established, however, that a *Tucker* violation arises only where the improper information "actually served as the basis for the sentence." *United States v. Jones*, 40 Fed. Appx. 15, 17 (6th Cir. 2002) (internal quotation omitted); *see also*, *Lechner v. Frank*, 341 F.3d 635, 639 (7th Cir. 2003); *United States v. Johnson*, 767 F.2d 1259, 1276 (8th Cir. 1985). "A sentencing court demonstrates reliance on misinformation when the court gives 'explicit attention' to it, 'found[s]' its sentence 'at least in part' on it, or gives 'specific consideration' to the information before imposing sentence." *Lechner*, 341 F.3d at 639 (quoting *Tucker*, 404 U.S. at 444, 447). Thus, to be entitled to habeas relief on this claim  petitioner "must show that the sentencing court actually relied on this information and that it was materially false." *Hanks v. Jackson*, 123 F. Supp. 2d 1061, 1074 (E.D. Mich. 2000) (Gadola,

J.).

Here, petitioner's challenge is not to the accuracy of the information relied upon by the trial court. Rather, he contends that the facts relied upon by the trial court were insufficient as a legal matter to support the trial court's scoring of the offense variables. As noted above, the legal sufficiency of the facts to support the scoring of an offense variable is a question of state law which is not cognizable on habeas review. *See Norton v. Lafler*, No. 08-12797, 2010 WL 5672743 (Apr. 19, 2010) (Komives, M.J.), *magistrate judge's report adopted*, 2011 WL 318099, at *2 (E.D. Mich. Jan. 31, 2011) (Hood, J.); *Southward v. Warren*, No. 2:08-CV-10398, 2009 WL 6040728, at *19 (July 24, 2009) (Komives, M.J.), *magistrate judge's report adopted*, 2010 WL 733035, at *2 (E.D. Mich. Feb. 26, 2010) (Steeh, J.). At best, petitioner's argument boils down to a dispute over the trial court's resolution of factual questions. However, this is insufficient to establish that he was sentenced on the basis of material false information in violation of his right to due process under *Townsend* and *Tucker*. As the Court made clear in *Townsend*, an alleged error by the trial court in resolving a disputed factual question at sentencing does not constitute reliance on materially false information:

> Nor do we mean that mere error in resolving a question of fact on a plea of guilty by an uncounseled defendant in a non-capital case would necessarily indicate a want of due process of law. Fair prosecutors and conscientious judges sometimes are misinformed or draw inferences from conflicting evidence with which we would not agree. But even an erroneous judgment, based on a scrupulous and diligent search for truth, may be due process of law.

*Townsend*, 334 U.S. at 741. "Thus, what is essential is that the sentencing judge decide upon the sentence after being made aware of all exculpatory evidence and of the defendant's version of the story." *United States v. Von Saltzer*, 532 F. Supp. 584, 586 (D. Nev. 1982). Here petitioner, through counsel, had the opportunity to object to the scoring of the offense variables. The trial judge, based

on the information available, drew inferences from the facts and made factual findings. While petitioner disputes those findings, he has offered nothing to show that they were materially false. Thus, he has failed to establish a due process violation under *Townsend*, and the Court should conclude that petitioner is not entitled to habeas relief on this claim.

G.     *Recommendation Regarding Certificate of Appealability*

      1.     *Legal Standard*

As amended by the Antiterrorism and Effective Death Penalty Act, section 2253 provides that a petitioner may not appeal a denial of an application for a writ of habeas corpus unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1). The statute further provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). As the Sixth Circuit has noted, this language represents a codification of the Supreme Court's decision in *Barefoot v. Estelle*, 463 U.S. 880 (1983), and "[t]he AEDPA thus makes no change to the general showing required to obtain a certificate[.]" *Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1073 (6th Cir. 1997); *accord Slack v. McDaniel*, 529 U.S. 473, 483 (2000). Although the statute does not define what constitutes a "substantial showing" of a denial of a constitutional right, the burden on the petitioner is obviously less than the burden for establishing entitlement to the writ; otherwise, a certificate could never issue. Rather, the courts that have considered the issue have concluded that "'[a] substantial showing requires the applicant to "demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues (in a different manner); or that the questions are adequate to deserve encouragement to proceed further."'" *Hicks v. Johnson*, 186 F.3d 634, 636 (5th Cir. 1999) (quoting *Drinkard v. Johnson*, 97 F.3d 751, 755 (5th Cir. 1996) (quoting *Barefoot*, 463 U.S. at 893

31

n.4)); *accord Slack*, 529 U.S. at 483-84.  Although the substantive standard is the same, "[t]he new Act does, however, require that certificates of appealability, unlike the former certificates of probable cause, specify which issues are appealable."  *Lyons*, 105 F.3d at 1073. (citing 28 U.S.C. § 2253(c)(3)).

Effective December 1, 2009, the newly created Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), 28 U.S.C. foll. § 2254.  The rule tracks § 2253(c)(3)'s requirement that any grant of a certificate of appealability "state the specific issue or issues that satisfy the showing required by § 2253(c)(2)," Rule 11(a), but omits the requirement contained in the pre-amendment version of Federal Rule of Appellate Procedure 22(b)(1) that the court explain "why a certificate should not issue."  FED. R. APP. P. 22(b)(1) (version effective prior to 2009 amendment); *see id.*, advisory committee note, 2009 amendments.  In light of the new Rule 11 requirement that the Court either grant or deny the certificate of appealability at the time of its final adverse order, I include a recommendation regarding the certificate of appealability issue here.

   2.   *Analysis*

If the Court accepts my recommendation regarding the merits of petitioner's claims, the Court should also conclude that petitioner is not entitled to a certificate of appealability.  The record establishes that there was probable cause to support the assault with intent to rob while armed charge that was dismissed in exchange for petitioner's plea, and thus that he was properly charged under this statute and that his plea was not illusory.  The record also establishes that the trial court did not err in making a preliminary ruling that petitioner would not be entitled to a lesser offense instruction

on attempted robbery, and that the trial court's preliminary ruling did not coerce petitioner's plea. Because the transcript of the plea otherwise shows that petitioner's plea was voluntary and knowing, the resolution of petitioner's claims challenging the validity of his plea is not reasonably debatable. Because the resolution of petitioner's underlying claims is not reasonably debatable, it follows that the resolution of petitioner's ineffective assistance of counsel claims is likewise not reasonably debatable. Finally, because challenges to the sentencing guidelines are not cognizable on habeas review, and because petitioner cannot show that his sentence was based on any inaccurate information, the resolution of petitioner's sentencing claims is not reasonably debatable. Accordingly, the Court should deny petitioner a certificate of appealability.

H.    *Conclusion*

In view of the foregoing, the Court should conclude that the state courts' resolution of petitioner's claims did not result in a decision which was contrary to, or which involved an unreasonable application of, clearly established federal law. Accordingly, the Court should deny petitioner's application for the writ of habeas corpus. If the Court accepts this recommendation, the Court should also deny petitioner a certificate of appealability.

III.    NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in FED. R. CIV. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the

33

objections a party might have to this Report and Recommendation. *See Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991). *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

Date: April 29, 2014                                  s/Paul J. Komives
                                                      PAUL J. KOMIVES
                                                      UNITED STATES MAGISTRATE JUDGE

<u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on April 29, 2014.

                                                      s/ Kay Doaks
                                                      Case Manager