## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

PATRICK JONES,

          Petitioner,

                                   Case No. 13-12645

      v.                           HON. TERRENCE G. BERG

                                   HON. PAUL J. KOMIVES

RANDY HAAS,[1]

          Respondent.

_____/

## OPINION AND ORDER ADOPTING MAGISTRATE JUDGE KOMIVES' REPORT AND RECOMMENDATION (DKT. 13)

This matter is before the Court on Patrick Jones' ("Petitioner's") objection to Magistrate Judge Komives' Report and Recommendation, (Dkt. 14). Having carefully reviewed Petitioner's objections, this Court hereby overrules the objections and **ACCEPTS** and **ADOPTS** Magistrate Judge Komives' Report and Recommendation, (Dkt. 13), as the opinion of the Court. Thus, for the reasons that follow, this Court **DENIES** Petitioner's application for the writ of habeas corpus and **DENIES** Petitioner a certificate of appealability.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On June 17, 2013, Petitioner filed an application for the writ of habeas corpus. (Dkt. 1). Petitioner advanced six grounds challenging the validity of his state court detention, alleging that (1) his guilty plea was involuntary; (2) he was charged under an inapplicable statute; (3) he was denied effective assistance of trial

---

[1] Jones is now detained at the G. Robert Cotton Correctional Facility. Randy Haas is the warden of this facility. The caption has been amended to reflect this change.

counsel; (4) the trial court abused its discretion by denying his motion to withdraw his guilty plea and his request to appoint counsel during first tier appellate review; (5) he was denied effective assistance of appellate counsel on direct appeal; and (6) the sentencing court violated his Fourteenth Amendment due process rights by relying on false information in determining his sentence.

On December 27, 2013, this Court referred this case to Magistrate Judge Komives. On April 29, 2014, Magistrate Judge Komives issued a Report and Recommendation recommending that this Court deny Petitioner's application for the writ of habeas corpus on all grounds and deny Petitioner a certificate of appealability. (Dkt. 13).

On May 16, 2014, Petitioner filed a timely objection to the Report and Recommendation, alleging that he is entitled to habeas corpus relief on grounds one through five of his habeas petition. Respondent did not file an objection and did not respond to Petitioner's objection.

## II. ANALYSIS

### A. Standard of Review

Under 28 U.S.C. § 636(b)(1), either party may serve and file written objections to a magistrate judge's report and recommendation within "fourteen days after being served with a copy." The objection must specify the part of the order to which a person objects and state the basis for the objection. E.D. Mich. L.R. 72.1(d)(1). Following a proper objection, a district judge "shall make a de novo determination of those portions of the report or specified proposed findings or

recommendations to which objection is made." 28 U.S.C. § 636(b)(1).  For portions of the report and recommendation where no objection has been made, "the Court need not conduct a review by any standard." *Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002).

Proper de novo review of an objection to a Report and Recommendation "entails at least a review of the evidence that faced the Magistrate Judge; the Court may not act solely on the basis of a Magistrate Judge's report and recommendation." *Id.* (internal citations omitted).  However, where a court adopts a magistrate judge's report and recommendation it need not "state with specificity what it reviewed, it is sufficient for the Court to say it has engaged in a de novo review of the record and adopts the Magistrate Judge's report and recommendation." *Id.*

## B. Discussion

Petitioner's objection charges that Magistrate Judge Komives erred in recommending that this Court deny relief on grounds one through five of his habeas petition.  The Court will address these objections in turn.

However, since Petitioner did not object to Magistrate Judge Komives' recommendation regarding ground six or to his recommendation that Petitioner be denied a certificate of appealability, the Court need not, and will not review these portions of the Report and Recommendation.

## 1.  Objections Concerning the Validity of the Plea (Claims I, II, IV).

Petitioner's first claim alleges that the magistrate judge erred in concluding that his guilty plea was not involuntary and illusory.  A guilty plea is valid if it is

voluntary and intelligent under the totality of the circumstances.  *See Brady v. United States*, 397 U.S. 742, 748-49 (1970).  Petitioner claims that his plea was involuntary because there was insufficient evidence on the record to support a charge of Assault with Intent to Rob while Armed ("AWIR-A") under Mich. Comp. Laws § 750.89, and this was the charge that was dismissed in exchange for Petitioner's guilty plea.  This argument is not well-taken.

Under Mich. Comp. Laws § 750.89, the elements of assault with intent to rob are "(1) an assault with force and violence; (2) an intent to rob or steal; and (3) the defendant's being armed…"  *People v. Akins* 259 Mich. App. 545, 554 (2003).  "Force and violence" under the statute means "any use of physical force against another person so as to harm or embarrass him."  *People v. Chandler*, 201 Mich. App. 611, 615 (1993).  In the July 9, 2008, evidentiary hearing, a victim testified that Petitioner pushed Red Lobster employee Bill Stanley into a cash stand.  (Dkt. 10, Attachment 2.)  The victim also testified that she believed that Petitioner's co-defendant had a weapon because she saw him reach under his coat into his waistband.  (*Id.*)  Moreover, a gun was recovered following a high-speed chase with police.  (Trial Ct. Op. at p. 5.)  Based on this evidence, this Court sustains Magistrate Judge Komives' finding that the charge of assault with intent to rob while armed was supported by probable cause.  *See People v. Justice*, 454 Mich. 334, 344 (1997) ("Probable cause signifies evidence sufficient to cause a person of ordinary prudence and caution to conscientiously entertain a reasonable belief of the accused's guilt.").  As the charge was supported by probable cause, it was not an

illusory promise for the prosecutor to offer to dismiss that charge in exchange for Petitioner's plea. Rather, as the Magistrate Judge correctly determined, it was a tangible benefit Petitioner received for his plea and therefore the plea was not involuntary. Petitioner's claim that he was charged under an inapplicable statute was correctly rejected by the Magistrate Judge.

Moreover, Petitioner cannot show that the trial court's pre-trial ruling denying his request for an instruction on the lesser offense of attempted robbery resulted in an involuntary plea. To support this claim, Petitioner re-alleges the ground that there was insufficient evidence for a charge of assault with intent to rob while armed. That Petitioner would have possibly risked trial upon a favorable ruling on his pre-trial request did not make his eventual guilty plea involuntary. *See Hambrick v. Lafler*, No. 2:07-CV-13703, 2009 WL 6409364, at *11 (E. D. Mich. Nov. 9, 2009) ("The fact that the trial court's pre-trial ruling affected petitioner's balancing of the costs and benefits of pleading guilty does not render his decision anything other than a voluntary and intelligent choice among the alternative courses of action...") (internal citation omitted). As previously stated, the Court finds sufficient evidence for the charge of assault with intent to rob while armed. Consequently, the Court sustains Magistrate Judge Komives' conclusion that the trial court's denial of Petitioner's motion for an instruction on the lesser offense of attempted robbery was reasonable.

Additionally, the Court finds no evidence of duress or other improper influence that would support a finding that Petitioner's guilty plea was not

voluntary and intelligent under the totality of the circumstances.  Indeed, after reviewing the transcript of Petitioner's guilty plea, it is clear that Petitioner's plea was voluntary and not the result of coercion.  The Petitioner's objection on this point is overruled and the Court adopts Magistrate Judge Komives' recommendation on this claim.

Petitioner's fourth claim alleges that he is entitled to habeas relief based on the trial court's denial of his motion to withdraw his guilty plea.  Federal courts may provide habeas relief based on perceived errors of state law "when an error rises to the level of depriving the defendant of fundamental fairness in the trial process…" *Serra v. Michigan Dep't of Corrections*, 4 F.3d 1348, 1354 (6th Cir. 1993). Petitioner's claim that the trial court erred in denying his motion to withdraw his guilty plea does not rise to the level of depriving him of a fundamentally fair process since there is no constitutional right to withdraw a validly and voluntarily entered plea.  *Jones v. Smith*, No. 2:10-CV-11600, 2012 WL 4088872, at *9 (E.D. Mich. Sept. 17, 2012) ("A criminal defendant has no constitutional right to withdraw a validly and voluntarily entered guilty plea."); *Johnson v. Prelesnik*, No. 2:08-CV-13741, 2010 WL 2804937, at *7 (E.D. Mich. June 23, 2010); *see also Chene v. Abramajtys*, No. 95-1491, 1996 WL 34902, at *2 (6th Cir. Jan. 29, 1996); *Metcalf v. Bock*, No. 00-10361-BC, 2002 WL 31749157, at *5 (E.D. Mich. Dec. 5, 2002) (Lawson, J.); *Freeman v. Muncy*, 748 F. Supp. 423, 429 (E.D. Va. 1990); *Williams v. Smith*, 454 F. Supp. 692, 696 (W.D.N.Y. 1978), *aff'd*, 591 F.2d 169 (2d Cir. 1979).  As stated above,

this Court is satisfied that Petitioner's guilty plea was voluntary and intelligent.  As such, this Court is not empowered to grant Petitioner relief on this claim.

## 2. Objections Pertaining to Ineffective Assistance of Counsel (Claims III, IV and V).

Petitioner next claims that he was provided ineffective assistance of trial counsel.  Petitioner argues that trial counsel failed to (1) hold requested evidentiary hearings; (2) investigate the charges and the evidence; (3) object to jury instructions ruling; (4) follow Petitioner's requested defense; (5) conduct a meaningful adversarial process; and (6) rendered deficient advice in plea process.

To establish ineffective assistance of counsel, Petitioner has to show (1) that "counsel's performance was deficient" so as to not meet the guarantee of counsel under the Sixth Amendment and (2) that counsel's "deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 688, 687 (1984).  As noted by Magistrate Judge Komives, "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690.  Reviewing Petitioner's habeas petition and the record before the Magistrate Judge, this Court concludes that Petitioner did not carry his burden of establishing ineffective assistance of counsel.  Rather, the record shows that counsel attempted to obtain the jury instructions for a lesser included offense but that this motion was denied.  Further, as this Court explained above, the evidence supports the charge of assault with intent to rob while armed.  Thus, Petitioner would be hard pressed to establish prejudice from

any perceived deficient performance.  In short, Petitioner has not carried his burden.

Nor can Petitioner show that he was denied effective assistance of appellate counsel.  Petitioner's claim centers on appellate counsel's refusal to "raise dead bang winners" or to submit his desired appeal.  As Magistrate Judge Komives notes, "appellate counsel…need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal." *Smith v. Robbins*, 528 U.S. 259, 288 (2000).  This Court has concluded that the trial court reasonably denied Petitioner's requested jury instructions and that Petitioner failed to establish ineffective assistance of trial counsel. Consequently, Petitioner has failed to demonstrate that appellate counsel provided ineffective assistance by not raising these claims on appeal.  The Court therefore adopts Magistrate Judge Komives' recommendation denying relief under claim five in its entirety.

Lastly, Petitioner alleges that he was denied his right to counsel on first-tier appellate review.  This claim is without merit.  The record provides ample evidence that Attorney Jonathan Simon represented Petitioner during his application for leave to appeal his guilty plea.  Petitioner was provided counsel, but merely takes issue with the representation that he received.  For these reasons, the Court adopts Magistrate Judge Komives' recommendation that this Court deny habeas relief for Petitioner's fourth claim in its entirety.

### III.   CONCLUSION

Magistrate Judge Komives' Report and Recommendation thoroughly and carefully reviews all of Petitioner's claims, and provides a well-reasoned and legally sound basis for denying all of Petitioner's claims.  Petitioner's objections essentially reiterate the grounds set forth in the petition without providing a rationale for challenging the authorities and conclusions of the Report and Recommendation.

For the reasons set forth above, Petitioner's objections are **OVERRULED** and the Report and Recommendation of April 29, 2014 (Dkt. 13) is hereby **ACCEPTED** and **ADOPTED**.

**SO ORDERED.**

Dated:  December 23, 2014                           s/Terrence G. Berg
                                                    TERRENCE G. BERG
                                                    UNITED STATES DISTRICT JUDGE


### Certificate of Service

I hereby certify that this Order was electronically submitted on December 23, 2014, using the CM/ECF system; a copy of this Order was also addressed to Petitioner's attention and mailed to 223965, G. Robert Cotton Correctional Facility, 3500 N. Elm Road, Jackson, MI 49201.

                                                    s/A. Chubb
                                                    Case Manager