## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

PATRICK JONES,

       Petitioner,

                                  Case No. 13-12645

     v.                         HON. TERRENCE G. BERG

                                  HON. PAUL J. KOMIVES

RANDY HAAS,

       Respondent.

_____/

## OPINION AND ORDER DENYING PETITIONER'S MOTION TO AMEND JUDGMENT (DKT. 18)

This matter is before the Court on Petitioner Patrick Jones' ("Petitioner's") motion to amend judgment filed on January 9, 2015, (Dkt. 18). Petitioner seeks to have the Court amend its order adopting Magistrate Judge Komives' Report and Recommendation and denying Petitioner's application for a writ of habeas corpus.

"A motion to alter or amend judgment brought by a habeas petitioner pursuant to Rule 59(e) may properly be analyzed as a motion for reconsideration pursuant to Local Rule 7.1 of the Eastern District of Michigan." *Hughes v. Napels*, No. 2:12-CV-11385, 2013 WL 450090, at *1 (E.D. Mich. Feb. 6, 2013).

Under E.D. of Mich. L.R. 7.1(h), a Court

> will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the Court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the Court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

Thus, motions for reconsideration that merely present the same issues already ruled upon are denied.  *Hughes*, No. 2:12-CV-11385, 2013 WL 450090, at *1.

Here, Plaintiff's motion to amend judgment presents the same issues already ruled upon by this Court.  Petitioner merely restates his argument that there was insufficient probable cause for a charge of assault with intent to rob while armed. The Court has already considered this argument and held that there was sufficient probable cause to charge Petitioner with assault with intent to rob while armed. The order, in pertinent part, states:

> In the July 9, 2008, evidentiary hearing, a victim testified that Petitioner pushed Red Lobster employee Bill Stanley into a cash stand.  (Dkt. 10, Attachment 2.)  The victim also testified that she believed that Petitioner's co-defendant had a weapon because she saw him reach under his coat into his waistband.  (*Id.*)  Moreover, a gun was recovered following a high-speed chase with police. (Trial Ct. Op. at p. 5.)  Based on this evidence, this Court sustains Magistrate Judge Komives' finding that the charge of assault with intent to rob while armed was supported by probable cause. *See People v. Justice*, 454 Mich. 334, 344 (1997) ("Probable cause signifies evidence sufficient to cause a person of ordinary prudence and caution to conscientiously entertain a reasonable belief of the accused's guilt.").

(Dkt. 16 at p. 4).

//

//

//

//

//

//

2

Given that the Court has already considered Petitioner's arguments, pursuant to E.D. of Mich. L.R. 7.1(h), the Court will **DENY** Petitioner's motion to amend the judgment as it merely restates arguments already ruled upon.

**SO ORDERED.**

Dated:  February 17, 2015                    s/Terrence G. Berg
                                             TERRENCE G. BERG
                                             UNITED STATES DISTRICT JUDGE

## Certificate of Service

I hereby certify that this Order was electronically submitted on February 17, 2015, using the CM/ECF system; a copy of this Order was also addressed to Petitioner's attention and mailed to 223965, G. Robert Cotton Correctional Facility, 3500 N. Elm Road, Jackson, MI 49201.

                                             s/A. Chubb
                                             Case Manager